J-S56034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARISA PETERS, | |
| Appellant | No. 599 MDA 2014 |

Appeal from the Judgment of Sentence March 19, 2014
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0002534-2013

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED SEPTEMBER 26, 2014**

Appellant, Marisa Peters, appeals from the judgment of sentence imposed following her entry of a guilty plea to theft by unlawful taking.[1] Counsel for Appellant has petitioned to withdraw on the ground that Appellant's issue on appeal is wholly frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

On November 27, 2013, Appellant pleaded guilty to the above-stated offense. In exchange for this plea, the Commonwealth *nolle prossed* the remaining charges brought against Appellant, specifically, access device

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a).

fraud, receiving stolen property, and theft by deception.[2] The charges stem from Appellant's theft of $135.75 from her grandmother, Margaret M. Pisano, by an ATM withdrawal from Ms. Pisano's bank account, to support her drug addiction. At the time Appellant made this withdrawal, she lived in Pisano's home with her boyfriend and daughter. On March 19, 2014, the trial court, after considering a pre-sentence investigation (PSI) report and hearing from Ms. Pisano and Appellant, sentenced Appellant to a term of not less than three nor more than eleven and one-half months' incarceration, a sentence in the aggravated range.[3] On March 24, 2014, the trial court denied Appellant's motion for reconsideration of sentence. (**See** Order, 3/24/14); **see also** Pa.R.Crim.P. 720(A)(1). This timely appeal followed.[4]

On July 2, 2014, counsel for Appellant filed an **Anders**[5] brief and a petition to withdraw as counsel stating her belief that this appeal is

_____

[2] 18 Pa.C.S.A. §§ 4106(a)(1), 3925(a), and 3922(a)(1), respectively.

[3] At the time of Appellant's offense in this case, she was on probationary supervision in Lackawanna County for another theft charge. (**See** N.T. Sentencing, 3/19/14, at 3). In that case, the trial court revoked Appellant's probation and sentenced her to a term of not less than six nor more than twelve months' incarceration, to be served consecutively to the sentence imposed in the instant case. (**See id.** at 7).

[4] Pursuant to the trial court's order, Appellant filed a timely Rule 1925(b) statement of errors on April 23, 2014. The court filed a Rule 1925(a) opinion on June 10, 2014. **See** Pa.R.A.P. 1925.

[5] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

meritless. (*See* Petition to Withdraw as Counsel, 7/02/14, at unnumbered page 2). Attached to the petition is a copy of counsel's letter to Appellant, enclosing a copy of the *Anders* brief, informing her of the petition to withdraw and advising her of her right to retain new counsel or proceed with the appeal *pro se*. (*See* Letter from Donna M. De Vita, Esq. to Appellant, 7/02/14, at unnumbered page 1). Appellant has not responded.

> [I]n the *Anders* brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. O'Malley*, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the ***Anders*** and ***Santiago*** requirements. She has submitted a brief that summarizes the case, (***see Anders*** Brief, at 5-6); referred to anything that might arguably support the appeal, (***see id.*** at 7-12); and set forth her reasoning and conclusion that the appeal is frivolous, (***see id.*** at 12). ***See Santiago***, ***supra*** at 361. Counsel has filed a petition to withdraw, sent Appellant a letter advising that she concluded that there are no non-frivolous issues, provided her with a copy of the ***Anders*** brief, and notified her of her right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of ***Anders*** and ***Santiago***, we will undertake our own review of the appeal to determine if it is wholly frivolous. ***See O'Malley***, ***supra*** at 1266.

The ***Anders*** brief raises one issue for our review: "Whether the sentence imposed was unduly harsh and excessive?" (***Anders*** brief, at 4). Appellant contends that the aggravated-range sentence is excessive because her offense was non-violent and involved a small amount of money. (***See id.*** at 9, 11). Appellant asserts that, in imposing the sentence, the court did not seriously consider her addiction issues or analyze whether she is a danger to the community at large. (***See id.*** at 11).

Appellant's claim challenges the discretionary aspects of her sentence. However, "[t]he right to appeal the discretionary aspects of a sentence is not

- 4 -

absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved h[er] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [***See*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations and quotation marks omitted).

In the instant case, Appellant has complied with the first three requirements because she filed a timely notice of appeal, preserved her claim in a timely post-sentence motion, and the ***Anders*** brief contains a Rule 2119(f) statement. (***See Anders*** Brief, at 8-9). With respect to the fourth requirement:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted).

This Court has held that an "[a]ppellant's claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (citation omitted); *see also Commonwealth v. Fullin*, 892 A.2d 843, 849 (Pa. Super. 2006) (concluding that appellant raised substantial question where he argued that, in imposing aggravated-range sentence, court failed to consider his remorse and efforts at rehabilitation). Therefore, we will review Appellant's challenge to the discretionary aspects of her sentence on the merits.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

"Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Commonwealth v. Hardy*, 939 A.2d 974, 980 (Pa. Super. 2007) (citation and quotation marks omitted). "Absent a manifest abuse of discretion, such

sentence will not be disturbed." ***Commonwealth v. Stewart***, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted).

Here, at the sentencing hearing, the trial court heard from Ms. Pisano, who stated that she allowed Appellant, Appellant's daughter, and Appellant's boyfriend to stay at her home for approximately three months. (***See*** N.T. Sentencing, 3/19/14, at 2). Ms. Pisano explained that she gave Appellant and her family food, money, and a place to stay, and that she was heartbroken by Appellant's actions. (***See id.*** at 2-3). Appellant expressed remorse for her offense, advised the court that she took full responsibility for her actions, and acknowledged that she needed help to overcome her drug addiction. (***See id.*** at 3, 5-6). Prior to imposing the sentence, the court indicated that it had considered the PSI report, and it noted that Appellant had been using drugs since she was fourteen years old. (***See id.*** at 3, 5). The court explained its rationale for the sentence to Appellant as follows:

> You've been before me several times now. . . . We've attempted supervisory sentences with you that did not involve incarceration and you have not responded. You haven't taken the opportunities that we've extended to you. And then when I look at a case where you would steal from your own grandmother, that is really stooping pretty low. And your grandmother took not only you in but the rest of your family.
>
> \* \* \*
>
> The sentence imposed on the theft by unlawful taking charge is in the aggravated range and that is because of the fact that the victim was, in fact, a close family member, and that charge was committed while you were on supervision with this [c]ourt.

- 7 -

. . . In fashioning this sentence, [the court] considered not only the nature and gravity of the offense but your own rehabilitative needs, your failures to adopt and adapt to the previous supervisory sentences that were imposed and the entire contents of this presentence file.

(*Id.* at 6, 8-9).

Thus, the record reflects that the trial court was fully informed of Appellant's background and substance abuse issues, that it took into consideration Ms. Pisano's and Appellant's in-court sentencing statements, and that it comprehensively set forth its reasons for the aggravated-range sentence. Further, where, as here, the court reviewed a PSI report, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades* 8 A.3d 912, 919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S. Ct. 1746 (2012) (citation and internal quotation marks omitted).

Upon review, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence, *see Clarke*, *supra* at 1287, and that the issue raised in the *Anders* brief is frivolous. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." *O'Malley*, *supra* at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/26/2014</u>